Frank J. SOUZA, for himself and on behalf of all others similarly situated, Plaintiffs-Appellees,

v.

John A. SCALONE et al., Defendants-Appellants.

No. 74-3485.

United States Court of Appeals, Ninth Circuit.

Jan. 3, 1977.

As Amended Sept. 20, 1977.

C. Douglas Floyd (argued), of Pillsbury, Madison & Sutro, San Francisco, Cal., for petitioners.

R. J. Wolf (argued), San Rafael, Cal., for respondents.

Before DUNIWAY and WALLACE, Circuit Judges, and WHELAN,* District Judge.

PER CURIAM.

Scalone appeals from an interlocutory order of the district court which held that the due process clause does not require any notice to be given to absent members of a class certified under Fed.R.Civ.P. 23(b)(2). Because at the time of the district court's certification there was a conflict among the circuits on this controlling question of law, we permitted this appeal to be taken pursuant to 28 U.S.C. § 1292(b). We vacate and remand for further findings.

Souza brought suit to contest the pension plan requirements of the Trustees of the Western Conference of Teamsters Pension

* Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

Trust (Plan). The eligibility requirements of the Plan for vesting of retirement benefits are that the employee have: (1) worked a minimum of 15 years of service, (2) worked a minimum of 3,000 covered hours, and (3) attained a requisite age (now 45) before a break in service. Souza satisfied the minimum years and hours requirements but was not the requisite age at the time of his break in service. He contends that any age-at-break-in-service requirement is arbitrary and unreasonable and thus in violation of Section 302(c)(5) of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c)(5).

Souza initiated this action on behalf of all former employees who satisfied the minimum years and hours requirements and who may have been or have been denied vested retirement benefits solely because of failure to attain the requisite age at the time of their break in service. The district court found that all four prerequisites to a class action were satisfied, Rule 23(a), including the requirements that the claim of Souza be typical of the claims of the class, Rule 23(a)(3), and that Souza would be an adequate representative of the class, Rule 23(a)(4). *Souza v. Scalone,* 64 F.R.D. 654, 656–58 (N.D.Cal.1974).

Scalone contended, however, that due process required that notice of the suit must be given to each identifiable member of the class. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The district judge distinguished *Eisen* as requiring notice only in a Rule 23(b)(3) class action case, pursuant to Rule 23(c)(2). 64 F.R.D. at 660. 

Subsequent to the district court's order we decided *Elliott v. Weinberger,* (9th Cir. 1975), *vacated on other grounds,* 425 U.S. 987, 96 S.Ct. 2197, 48 L.Ed.2d 813 (1976). There we agreed with the district court in holding that notice is not necessarily required in every Rule 23(b)(2) action. But we went beyond the district court's holding that a finding of adequate representation, as measured pursuant to Rule 23(a)(4), was sufficient to preclude a due process claim for notice to absent class members. In our modified opinion filed subsequent to the remand by the Supreme Court, we stated:

Only when necessary to provide class members an opportunity to signify whether representation by named plaintiffs is fair and adequate or to intervene to present additional claims or to otherwise come into the action to, for example, submit views as *amici curiae,* does due process require the direction of some sort of notice to absent members of a [Rule 23](b)(2) class.

564 F.2d 1219 at 1229.

It is apparent that *Elliott* contemplates measuring the adequacy of the representation against a finer tuned scale. See Rule 23(d)(2). The district court, not having the benefit of our decision in *Elliott,* appraised the adequacy of Souza's representation against the coarser scale of Rule 23(a)(4). 64 F.R.D. at 658–59. Although vacated by the Supreme Court on other grounds, we adopt the reasoning of *Elliott* on this issue and therefore vacate and remand the order to allow the district court in the first instance to consider the contentions of Scalone in light of the general criteria set out in *Elliott.*

VACATED AND REMANDED.