Robert A. FISCHER et al., Plaintiffs,

v.

Edward T. WEAVER, etc., et al., Defendants.

No. 72 C 772.

United States District Court, N. D. Illinois, E. D.

June 29, 1972.

Michael F. Lefkow and Sheldon Roodman, Community Legal Counsel, Chicago, Ill., and John C. Landis, Cook County Legal Assistance Foundation, Inc., Evanston, Ill., Chicago, Ill., for plaintiffs and intervenors.

Herbert L. Caplan, Asst. Atty. Gen., Chicago, Ill., for defendant State Dept. of Public Aid.

Mercer Cook, Asst. State's Atty., Chicago, Ill., for defendant Cook County Dept. of Public Aid.

## MEMORANDUM OPINION

DECKER, District Judge.

This is a motion by plaintiffs in the above-entitled cause asking that an order be entered to the effect that the case be maintained as a class action. Having considered the facts as stated by the pleadings and motions and the law, as hereinafter discussed, I have reached the conclusion that the motion should be granted.

The relevant facts are as follows. On March 27, 1972, Robert A. Fischer and his wife Paula, on their own behalf and "on behalf of all those similarly situated" filed a complaint asking for a declaratory judgment and any other appropriate relief against Edward T. Weaver and others, being the present and former directors of the Illinois and Cook County Departments of Public Aid. The complaint alleges that as recipients of public assistance benefits partially financed by the federal government, plaintiffs have suffered or are threatened

with total or substantial loss of their benefits as a result of state procedures, administered by defendants, that violate the U. S. Constitution and the federal Social Security Act and its implementing regulations.[1] Specifically, plaintiff Fischer alleges that on December 14, 1971, he was advised by telephone that his AFDC benefits would be cancelled on January 1, 1972, pursuant to a memorandum issued by the Cook County Department of Public Aid's administrative field supervisor. Thereafter, written notice of the same, dated December 15, 1971, was received by Mr. Fischer, and he advised his caseworker of his desire to appeal the decision and requested that his assistance be continued pending a decision on appeal. However, the Fischers' benefits were terminated as of January 1, 1972. Approximately two months later, on February 24, 1972, a hearing was held on the appeal, but no decision had been announced by the time this lawsuit was filed on March 27, 1972.

On March 31, 1972, a temporary restraining order was entered forbidding defendants from terminating, reducing or denying AFDC benefits to plaintiff Fischer by enforcing or executing any state procedure that did not comport with the requirements of the appropriate HEW regulation, to-wit, 45 C.F.R. § 210.10(a). The foregoing regulation, promulgated under the Social Security Act, provides, in substance, that the state must notify welfare recipients of any action it intends to take with respect to the reduction, termination or suspension of benefits at least 15 days prior to such action. In addition, the recipient may, within that period, demand a fair hearing "before the state agency" 45 C.F.R. 205.10(a) (3), and is entitled to a decision "by the state agency" as to whether benefits will be continued pending appeal, 45 C.F.R. § 205.-10(a) (5) (iii). Subsequent to the entry of the temporary restraining order

the Fischers were restored to the benefits they claimed.

Plaintiffs then filed the present motion asking that the action be maintained as a class action. Several motions to intervene followed.

■ Jurisdiction was alleged by plaintiffs to be based upon 28 U.S.C. §§ 1331, 1337, 1343 and 2201. Although none of the foregoing sections in itself would automatically confer jurisdiction upon this court over all of the matters raised in the complaint, jurisdiction in cases like the present case has been upheld. Almenares v. Wyman, 453 F.2d 1075 (2d Cir. 1971); Serritella v. Engelman, 339 F.Supp. 738 (D.N.J.1972). Hence district court jurisdiction based upon the substantial constitutional claim that welfare benefits had been terminated in violation of the principles announced in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), will properly allow consideration of statutory claims having a "common nucleus of law and fact" with the constitutional claim, United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), under "pendent" jurisdiction, Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). Hence, those members of the alleged class who have no constitutional claim may still challenge the state procedures in question under the supremacy clause without regard for the jurisdictional amount requirements. Almenares v. Wyman, *supra*, at 1083.

■■ However, a far more difficult question is confronted with respect to plaintiffs' requests for relief in the form of damages. It is clear that collateral facts would be involved in making such a determination, and considering those facts, which would only relate to particular claimants, without regard to jurisdictional amount, would involve an abuse of the discretion afforded the district judge in determining whether a

---

1. 42 U.S.C. §§ 602(a) (4), 1382(a) (4) and 45 C.F.R. § 205.10.

claim will be heard as a "pendent" claim. As Judge Friendly stated in Almenares v. Wyman, *supra*, a case very close on its facts and issues to the present case:

> "Our holding here [that declaratory and injunctive relief was appropriate for the class] is thus severely limited. With respect to a class action under F.R.Civ.P. 23(b)(3), where damages or some other relief requiring examination of collateral facts is required, it could well be an abuse of a trial court's discretion to utilize the principle of pendent jurisdiction to include class claims not otherwise assertable in a federal court, even though they arise from the same nucleus of operative facts as the primary claim. This would certainly be true where each class member's claim is small, and the factual issues surrounding it are complex." 453 F.2d at 1085–1086.

Therefore, any appropriate class in this case would only be appropriate for purposes of granting declaratory and/or injunctive relief and not for purposes of determining compensatory or punitive damages which involves consideration of collateral facts regarding individual claimants.[2]

The next question is whether or not the class proposed by plaintiffs meets the requirements of F.R.Civ.P. 23. The pleadings define the plaintiff class as consisting of "all recipients of AFDC and AABD benefits in the State of Illinois . . . who are now suffering, directly threatened with, or potentially subject to, termination, suspension or reduction of their AFDC or AABD benefits in the unconstitutional and illegal manner challenged herein." I take this to mean, and so find for the purposes of this class action, that the class will include all present recipients of AFDC and AABD benefits and all former recipients of such benefits, who, since the compliance date for the HEW regulation (April 14, 1971), have (1) either been denied a hearing after a timely request under the applicable state laws and regulations or (2) been denied a state fair hearing after a request for such a hearing within fifteen days of any action or proposed action by the state or local agency with respect to the termination, reduction or suspension of AFDC or AABD benefits.

In determining whether an alleged "class meets the requirements of F.R.Civ.P. 23(a), inquiry must be directed at whether the "class" meets four prerequisites. State of Illinois v. Harper & Row Publishers, Inc., 301 F.Supp. 484, 486–487 (N.D.Ill.1969). For reasons hereinafter discussed, I have determined that the class alleged in the present case meets these prerequisites. It should be noted that the law is clear that the class action is an appropriate procedure in welfare cases. Almenares v. Wyman, *supra*; Serritella v. Engelman, *supra*; Rodriguez v. Swank, 318 F.Supp. 289 (N.D.Ill.1970).

First, the class is clearly too numerous to make joinder of its members practicable. There are at least 833,055 persons receiving aid from federally-assisted programs in Illinois, including 678,043 receiving ADC and 2,012 receiving blind assistance.

Second, the questions of law and fact are common to the class. The central issue in this case is whether the plaintiffs may demand a state level hearing before their welfare assistance can be altered,

---

2. The purpose of this lawsuit is not, of course, to redecide issues already decided in Goldberg v. Kelly, *supra*. If members of the alleged class have had benefits improperly withheld, then the facts of their particular case must be reconsidered by the state department of public aid; hence, the narrow issue of whether injunctive and/or declaratory relief is appropriate in this case to enforce compliance with federal law does not turn on whether benefits have in fact been withheld prior to a hearing, but whether the procedure employed by the state in terminating benefits is permissible under federal law. *Cf.* 45 C.F.R. 205.10(a)(5)(iii)(a)(1).

as well as a state level determination that benefits will or will not continue pending appeal. The resolution of that issue involves the determination of facts common to the foregoing class. Inquiry will be directed at whether the state has followed procedures required by federal law in terminating, reducing or suspending AFDC or AABD benefits.

. Third, it is clear that the claims of the representative parties are typical of the claims of the class. Plaintiffs, Robert and Paula Fischer, claimed that their AFDC benefits were terminated in violation of the Fourteenth Amendment and applicable HEW regulations. Their claim is simply that recipients of certain federally-assisted welfare programs and others denied constitutionally required hearings should be afforded the opportunity for a fair hearing at the state level. That claim, at least for purposes of the case at bar, fairly represents the claims of all those similarly situated, irrespective of the specific reasons for the termination or reduction of benefits in any particular case.

Finally, it is clear that the representative will fairly and adequately protect the interests of the class. Their stake in the proceeding is considerable and their counsel well-suited for the kind of litigation being conducted. Rodriguez v. Swank, *supra*, at 294.

As noted above, the jurisdictional problems of maintaining a class action in this case necessitate the limitation of remedies to those allowable under the "common nucleus of law and fact" with the jurisdiction-granting claim. Therefore, questions of compensatory and punitive damages, which involve consideration of the facts of particular cases, will not be considered in this lawsuit as part of the class action claim. So limited, there might be some question as to the propriety of proceeding under 23(b) (1) or 23(b) (3). However, the class action clearly meets the requirements of F.R. Civ.P. 23(b) (2). *Cf.* Snyder v. Harris,

394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

■ The defendants in this case have allegedly acted or failed to act in a manner challenged by the class and affecting the class in the same way, thereby making final declaratory or injunctive relief appropriate. F.R.Civ.P. 23(b) (2). Moreover, consideration of facts and law necessary for rendition of the requested relief will not involve consideration of collateral matters beyond the scope of permissible pendent jurisdiction.

The remaining question is whether or not the case is moot. Defendants have challenged plaintiffs' motion on the theory that the case is moot. They support that contention by arguing that since the principal plaintiffs, the Fischers, have been granted a fair hearing and have had their benefits restored, they no longer have a "controversy" with defendants and can no longer pursue a remedy for themselves or other unnamed parties. For reasons hereinafter discussed, I cannot agree.

■ The gravamen of the complaint in this case is that the state and county departments of public aid are not employing permissible procedures for rendering decisions on the extent to which various individuals will continue to receive welfare benefits. As reflected by its written decision, in granting relief to the Fischers, the state department of public aid failed to reach the question of the underlying merits of the Fischers' claim for benefits:

"While the denial by the Department [County Department of Public Aid] of continuing assistance *may in fact have been proper*, a matter not decided in this appeal, the record did not include information as to the granting or denying of approval by the Director of Field Operations." (Emphasis added.)

· Hence, the same procedure that plaintiffs challenge might be immediately

employed to deny them their benefits again, assuming the County would correct the minor procedural defect noted in the decision. A similar situation existed in Goldberg v. Kelly, *supra*, at 256, n. 2, 90 S.Ct. 1011, 25 L.Ed.2d 287, and the Court took note of the fact that the record was barren of any facts indicating that those plaintiffs who had been restored to the relief rolls during the pendency of the litigation were restored because of a satisfactory resolution of the underlying factual situation in their cases.

More importantly, the defendants have not come forward with *any* evidence that either the challenged procedures have been changed so as to comport with federal requirements or that those similarly situated with the Fischers have been restored to the relief rolls or otherwise afforded a "fair hearing". Clearly, the defendants cannot evade judicial review of their conduct by offering temporary relief to an aggrieved party, while at the same time reserving for themselves the opportunity to engage in the complained of behavior in the future. Such action is "capable of repetition, yet evading review", and, therefore, reviewable. See also Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). See also, Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 43, 65 S.Ct. 11, 89 L.Ed. 29 (1944). Moreover, the law is clear that even though a past wrong is irreversible or an immediate wrong is righted, the substantial threat of present and/or future harm to the plaintiff and to those similarly situated will be sufficient ground for continued consideration of the merits of the case by the court. Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); Cypress v. Newport News General Hospital, 375 F.2d 648, 658 (4th Cir. 1967); Adens v. Sailer, 312 F.Supp. 923, 926 (E.D.Pa.1970).

For the foregoing reasons, an order will be entered that the present cause be maintained as a class action.

Since the issues in the case are clear and relatively narrow, and it is apparent that the class representative in this case can adequately protect the interests of the class with respect to the issues raised, I can see no useful purpose in allowing intervention by additional class plaintiffs. Accordingly, the motions of plaintiff-intervenors Love and Bennett will be denied.

Finally, in regard to plaintiffs' motion to compel answers to interrogatories, having delineated the scope and purpose of this lawsuit, all parties will be required to comply with Local Rule 12(d) before this court will entertain any discovery motions.