Frank J. SOUZA, for himself and on behalf of all others similarly situated, Plaintiff,

v.

John A. SCALONE et al., Defendants.

No. C-73-1589 WHO.

United States District Court,
N. D. California.

Nov. 4, 1974.

R. J. Wolf, San Rafael, Cal., for plaintiff.

Pillsbury, Madison & Sutro, Dennis K. Bromley, Richard B. Glickman, Charles A. Storke, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION

ORRICK, District Judge.

Plaintiff Souza challenges the pension plan requirements of the Trustees of the Western Conference of Teamsters Pension Trust. The terms of the plan require that before an employee is eligible for vested retirement benefits he must have worked a minimum of 15 years of service, and a minimum of 3,000 Covered Hours,[1] and must have attained a requisite age [2] before a break in service.

---

1. Covered Hours as defined by the pension plan is an Hour of Employment with respect to which an employer contribution is paid into the trust fund.

2. Prior to 1969 an employee had to work until age 52 without a break in service. In 1969 the age requirement was reduced to 45 years of age without a break in service.

If an employee has fulfilled these requirements, his pension rights will vest and he will be eligible to receive pension payments at age 60. Plaintiff in fact has worked well over the required number of years and hours. He has worked at least 22,848 Covered Hours and more than 22 years of unbroken service. However, plaintiff was denied any benefits under the pension plan because he had a break in service at age 48 at a time when the terms of the plan defined age 52 as the requisite age for eligibility. In this action, he is challenging the application of the "age-at-break-in-service" requirement to persons who have met the other requirements of the plan. Plaintiff claims the age requirement is arbitrary and unreasonable, and thus in violation of Section 302(c)(5) of the Labor Management Relations Act of 1947 (29 U.S.C. § 186(c)(5)).

Plaintiff seeks to bring this action as a class action on behalf of "himself and all former employees who were qualified for vested retirement benefits but for their lack of attainment of a particular age". Although the complaint was filed one year ago, there has been no determination of the appropriateness of the class action. Defendants moved to have the Court determine now that this is not a proper class action, contending that (1) plaintiff's interests are antithetical to the interests of the other class members he purports to represent, (2) plaintiff is financially incapable of paying the costs of the individualized notice to the class members required in this action, and (3) the class is unmanageable because all the members cannot adequately be identified. In response, plaintiff has moved to certify the class under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## JURISDICTION

 Before determining the propriety of the class action, the Court must first consider its jurisdiction un-der Section 302 of the Labor Management Relations Act (29 U.S.C. § 186 (1947)). The Act only permits employer payments to a pension trust fund if the fund is established for the sole and exclusive benefit of the employees and dependents (29 U.S.C. § 186(c)). Defendants argue that the Court only obtains jurisdiction over the pension fund after it has found a violation of the Act. The Court disagrees with this interpretation of the Act. Since plaintiff has alleged that the age requirement of the pension plan is arbitrary and that the plan is not for the sole and exclusive benefit of employees, the Court has jurisdiction under Section 186(c)(5) to determine if the statutory requirements of the Act have been met. If, after examining the merits, the Court finds a violation of the Act, under Section 186(e) the Court has jurisdiction to restrain any such violation. Lugo v. Employees Retirement Fund of Illumination Products Industry, 366 F.Supp. 99 (E. D.N.Y.1973).

## CLASS ACTION

 Rule 23(c)(1) of the Federal Rules of Civil Procedure requires that the Court shall determine whether an action may be maintained as a class action "as soon as practicable after the commencement of an action". Although a full year passed after the filing of the complaint in this action before any motion by defendants or plaintiff was made for a determination of the class, as a general rule, delay in seeking certification is not grounds for denial. Feder v. Harrington, 52 F.R.D. 178 (S.D.N.Y. 1970). The Court finds that the one-year delay is not a bar to certification of the class in this action.

In order to be certified as a proper class under Rule 23 of the Federal Rules of Civil Procedure, all four requirements of Rule 23(a) of the Federal Rules of Civil Procedure must be met. In addition, one of the categories of

Rule 23(b)[3] of the Federal Rules of Civil Procedure must be satisfied. Rule 23(a)(1) of the Federal Rules of Civil Procedure establishes as the first prerequisite to a class action that "the class is so numerous that joinder of all members is impracticable". In this action, discovery has revealed that neither plaintiff nor defendants can ascertain the exact number of employees who would have been eligible for vested retirement rights but for the age at break-in-service requirement of the plan. Estimates of the potential members of the purported class range into the 40 thousands. The Court finds that numerosity of the class makes a joinder of all members impracticable.

The second prerequisite of Rule 23(a) is that "there are questions of law or fact common to the class". The only issue in this action is whether the age requirement of the pension plan is arbitrary and unreasonable and in violation of the Labor Management Relations Act. The Court finds this question is common to all members of the purported class.

The third requirement of Rule 23(a) is that the "claims or defenses of the representative parties are typical of the claims or defenses of the class". De-fendants contend that plaintiff, who was 48 years old at his break-in-service, has interests that are antithetical to the interests of all other age groups within the purported class. Defendants argue that since the pension fund is finite, the inclusion of additional members will reduce the amount of benefits available for others. Therefore, defendants argue that each age group's interests are antithetical to the interests of other age groups since each group would want to exclude younger groups from eligibility in the fund.

Rule 23(a) does not require that the claims of the representative be identical to those of the class members, but that they be typical. If all the members of a purported class would be benefited by the suit the plaintiff seeks to bring, the requirement of typicality has been satisfied. Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968), aff'd in part, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

In this action, if plaintiff Souza is successful in his suit, employees of all age levels who have been denied any benefits under the plan because of the age at break-in-service requirement will be eligible for the first time. Although

---

3. Rule 23(b) of the Federal Rules of Civil Procedure provides:

"(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally appli-cable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

the purported class members might prefer a class defined by their own particular age group, they will nonetheless be benefited if the entire age requirement is eliminated. The Court finds that plaintiff's claims are typical of all former employees who were qualified for vested retirement benefits but for their lack of attainment of a particular age.

■ The fourth requirement of Rule 23(a) is that the "representative parties will fairly and adequately protect the interests of the class". Adequacy of representation involves several factors. The adequacy of counsel and the co-extensive nature of the representative's interests and those of the class must be considered. Eisen v. Carlisle & Jacquelin, *supra*. The Court has reviewed the qualifications of Mr. Wolf, counsel for the plaintiff, and is satisfied that his past legal experience makes him a capable spokesman for the class of plaintiffs. The examination of the co-extensive nature of the representative's and class' claims is really another way of examining the typicality of the claims. As discussed above, the Court finds the plaintiff's interests to be typical and representative of the class he purports to represent. Thus, the Court finds that all four requirements of Rule 23(a) have been met.

■ It is also necessary to meet the requirements of one of the 23(b) sections. Plaintiff contends that the class should be certified as a 23(b)(2) action. Rule 23(b)(2) is applicable when the party opposing the class has acted or refused to act on the grounds generally applicable to the class; thereby making injunctive or declaratory relief appropriate as to the class as a whole. In the prayer for relief, plaintiff has requested a judgment declaring that the pension plan as administered is not for the sole and exclusive benefit of employees and enjoining the imposition of the age requirement. In addition, plaintiff seeks the amount of retirement benefits denied because of the age requirement. Defendants argue that this inclusion of a request for monetary relief destroys 23(b)(2) status for the class, and the class must qualify as a 23(b)(3) action, if at all. While Rule 23(b)(2) was not meant to apply to class actions where the final relief related "exclusively or predominantly to money damages" (Advisory Committee's Note, 39 F.R.D. 102), the mere inclusion of a request for monetary relief does not destroy 23(b)(2) status. Where the monetary relief sought is integrally related to and would directly flow from the injunctive or declaratory relief sought, 23(b)(2) status is appropriate. Robinson et al. v. Lorillard Corp. et al., 444 F.2d 791 (4th Cir. 1971), cert. den. 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); Lynch et al. v. Sperry Rand Corporation, 62 F.R.D. 78 (S.D.N.Y. 1973); Baxter v. Savannah Sugar Refining Corp., 350 F.Supp. 139 (S.D.Ga. 1972). In this action, if the Court were to find the age requirement arbitrary, the monetary benefits would naturally flow to the class of plaintiffs since by definition they have satisfied all of the requirements of the plan except the age at break-in-service requirement. Moreover, any doubts as to whether a class should be certified as a 23(b)(2) class or a 23(b)(3) class should be resolved in favor of (b)(2) status. 7A, Wright and Miller, Federal Practice and Procedure: Civil § 1775 (1972).[4] The Court finds that the claims for monetary relief do not predominate, and the class is properly certified as a 23(b)(2) class.

■ Defendants contend that even if the class is a 23(b)(2) class, individual notice must be given to each member of the class. Defendants rely heavily on

4. The rationale for favoring a 23(b)(2) status is that all members of a 23(b)(2) class will be bound by a judgment, whereas members of a 23(b)(3) class have the option of opting out of the class. Since the purpose of a representative suit is to deal with the claims collectively, the opting out thwarts one of the main objectives of a class action.

the recent Supreme Court decision in Eisen v. Carlisle, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (*Eisen IV*). In that decision, the Court held that Rule 23(c)(2) required individual notice to be given to all known members of the class. Plaintiffs in Eisen IV were required to bear the costs of this notice. However, *Eisen IV* was dealing with a Rule 23(b)(3) class, not a 23(b)(2) class. In footnote 14, the Court in *Eisen IV* specifically limited its discussion to the requirements of a 23(b)(3) action and declined to reach the question of notice requirements in a 23(b)(2) action. In the present case, we are dealing with a 23(b)(2) class. The notice discussion in *Eisen IV* does not apply.

The Court is aware that several courts have held that due process requires notice in 23(b)(2) actions. Eisen v. Carlisle, 391 F.2d 555 (2d Cir. 1968); Schrader v. Selective Service System Local Bd. No. 76 of Wis., 470 F.2d 73 (2d Cir. 1972), cert. den. 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1972). However, in the opinion of the Court the better reasoned cases do not require notice in a 23(b)(2) action, but rather hold that due process has been satisfied in a 23(b)(2) action when the class is represented by adequate counsel. Hammond v. Powell, 462 F.2d 1053 (4th Cir. 1972); Yaffe v. Powers, 454 F.2d 1362 (1st Cir. 1972); Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969).

As Professors Wright and Miller explain, the philosophies behind 23(b)(2) and 23(b)(3) actions are different. Notice is not as crucial in a (b)(2) action. Due process in a 23(b)(2) action is satisfied by adequate representation. 7A Wright and Miller, Federal Practice and Procedure: Civil § 1786 (1972):

"... Nonetheless, a few courts have concluded that notice is so important as a due process guarantee for the absent class members that the requirement also applies to all actions brought under the first two subdivisions of Rule 23(b). Not only is this approach directly contrary to the language of Rule 23, itself, but it fails to take account of the reasons justifying the different treatment accorded actions under Rule 23(b)(3) and those brought under either Rule 23(b)(1) or Rule 23(b)(2).. . .

In representative actions brought under the other provisions of Rule 23(b) [provisions other than 23(b)(3)], the class generally will be more cohesive—for example, in many instances each member will be affected as a practical matter by a judgment obtained by another member if individual actions were instituted. Similarly, it is less likely that there will be special defenses or issues relating to individual members of a Rule 23(b)(1) or Rule 23(b)(2) class, than in the case of a Rule 23(b)(3) class. This means that there is less reason to be concerned about each member of the class having an opportunity to be present. Thus, in suits under subdivisions (b)(1) or (b)(2), once the court determines that the members are adequately represented as required by Rule 23(a)(4), it is reasonably certain that the named representatives will protect the absent members and give them the functional equivalent of a day in court.

In keeping with this philosophy, class members in Rule 23(b)(1) and Rule 23(b)(2) actions are not provided an opportunity by the rule to exclude themselves from the action as is true in Rule 23(b)(3) actions. Because they do not have the alternative of bringing a separate suit, notice really serves only to allow those members the opportunity to decide if they want to intervene or to monitor the representation of their rights. As a safety valve, the court is given discretion by Rule 23(d)(2) to direct notice to be given in any class action 'for the protection of the members of the class

or otherwise for the fair conduct of the action'—a power that is inherent in the court at least in situations having due process overtones."

Notice to the members of the 23(b)(2) class is not required at the present stage of the proceedings in this action. Since the class members need not be notified, plaintiff's admitted inability to identify all the class members does not pose a manageability problem. The Court makes no finding as to the type of notice it may require at some later phase of the proceedings under its discretionary powers of Rule 23(d)(2).

 Plaintiffs having met the requirements of Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, this action is certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure as a class action on behalf of all former employees with at least 15 years of unbroken service and 3,000 hours of covered employment who were or may be denied vested retirement benefits solely because they had not attained a particular age at the time they suffered a break in their service.