Amelia **STONER** et al., Plaintiffs,

v.

William A. **MILLER**, Individually and as acting City Manager of Long Beach, Long Island, New York, Defendant.

No. 74 C 53.

United States District Court, E. D. New York.

May 17, 1974.

---

Christopher A. Hansen, Bruce J. Ennis, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gén. of N. Y., for plaintiffs, amicus curiae.

J. Stanley Pottinger, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., amicus curiae.

Morris H. Schneider, Corp. Counsel of the City of Long Beach for defendant by Larry M. Gordon.

**BRUCHHAUSEN, District Judge.**

This is a class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. It is a civil rights suit, which seeks injunctive and declaratory relief, pursuant to 28 U.S.C. Sections 1651, 2201, 2202, and 42 U.S.C. § 1983.

The plaintiffs challenge the constitutionality of certain sections of Ordinance No. 1195/1973 promulgated by the City of Long Beach. It is entitled:

"Ordinance Amending the Municipal Code of the City of Long Beach Regulating the Operation, Occupancy and Life Safety of Hotels, Boarding and Rooming Houses."

The suit does not challenge the authority of Long Beach to enact legislation, the purpose of which is for the health, safety, and welfare of its inhabitants. It challenges the exercise of that power, concerning sections 5–705, 5–706, portions of 5–710, 5–715 and 5–718 of the ordinance. In substance, the sections challenged relate to the registration of the mentally ill. Those patients requiring continuous medical or psychiatric services shall not be registered; that such services shall not be provided by the proprietor; that in the event such services are required, they shall be purchased by the resident, that an interview with the prospective residents is required to determine if the facility can meet their needs; that certain personal records shall be maintained for any person registered and remaining in excess of fifteen days.

Section 5–706 provides for the termination of the occupancy, and Section 5–718 provides for penalties for violation of any of the provisions of this ordinance.

Subsequent to the filing of the complaint, motions on behalf of The Mental Health Association of New York and Bronx Counties, American Psychiatric Association, National Association For

Mental Health, New York State Committee of The National Association for Mental Health, National Council of Community Mental Health Centers were made to intervene as plaintiffs or to appear as amicus curiae.

The Attorney General of the State of New York and the United States of America moved for an order granting leave to appear as amicus curiae in support of the plaintiffs' position.

The Court denies the motions for intervention, however, leave is granted to all parties to appear as amicus curiae.

It is alleged that the plaintiffs, Amelia Stoner and Patrick O'Neill are presently residing in the hotels in Long Beach. The plaintiffs, Jean Denerstein, Gladys DiGrande, and Pauline Sarlon are currently patients of a state hospital for the mentally ill, and upon release therefrom in the near future, desire to reside in Long Beach. They all require some psychiatric treatment, with the esception of Thomas J. Keane who requires continuous medical services. Furthermore, the plaintiffs, Amelia Stoner, Patrick O'Neill and Thomas J. Keane are subject to eviction, and the plaintiffs, Jean Denerstein, Gladys DiGrande, and Pauline Sarlon are precluded from registering within Long Beach, pursuant to this ordinance.

The plaintiffs seek injunctive and declaratory relief. The defendant seeks an order that the plaintiffs are not proper parties to maintain this class action and/or for an order dismissing the complaint on the ground that the complaint fails to state a claim against the defendant.

The position of the defendant is untenable.

In Eisen v. Carlisle & Jacquelin, 391 F.2d 555, at page 563 (Cir. 2), the Court held in part:

" * * * Indeed, we hold that the new rule should be given a liberal rather than a restrictive interpretation, Escott v. Barchris Construction Corp., 340 F.2d 731, 733 (2d Cir. 1965), cert. denied 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63 (1966), and that the dismissal in limine of a particular proceeding as not a proper class action is justified only by a clear showing to that effect and after a proper appraisal of all the factors enumerated on the face of the rule itself."

██ Rule 23(a) provides that a class action may be maintained only if (1) the class is so numerous that joinder of all members is impracticable. It is well settled that no specified number of plaintiffs is required to maintain a class action. Here, it is alleged (1) that from 1,000 to 1,800 persons are involved who may be affected by this ordinance; (2) there are questions of law or fact common to the class. Here the members either face eviction or are to be excluded pursuant to an alleged unconstitutional ordinance of Long Beach; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class. The members again are subject to eviction or exclusion, pursuant to this ordinance. The claim in the case at bar is based upon the identical legal theory; (4) the representative parties will fairly and adequately protect the interest of the class. It is uncontradicted that counsel are well qualified and that the litigants are not involved in a collusive suit.

██ The Court after reviewing all of the factors rules that this suit is a proper class action.

██ The Court now considers whether there is an "actual controversy" a requirement imposed by the express terms of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. In the case at bar, although Long Beach has not enforced the ordinance under attack, the dispute is real and the Court is obliged to consider the actual controversy that presently exists. It is immaterial that the ordinance has not been enforced. See Steffel v. Thompson, opinion announced March 20, 1974, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505, 42 L.W. 4357. The declaratory judgment action is, therefore, proper and maintainable.

■ The Court rules that the sections of the ordinance challenged are unconstitutional.

It is apparent that this ordinance can effectively frustrate the movement towards deinstitutionalization in the treatment of the mentally ill, also, the issues herein bear directly upon the rights of citizens who are mentally ill to be treated in the least restrictive setting appropriate to their needs, and upon the right of such persons to choose their own places of residence, without unreasonable governmental interference. The State of New York, pursuant to the Mental Hygiene Law, McKinney's Consol.Laws, c. 27 has begun to discharge non-violent patients from state hospitals. The social workers are attempting to place these patients in hotels best suited for their needs. In the case at bar, the individual plaintiffs are either residents of Long Beach or desire to become residents of Long Beach. However, because of this ordinance, the plaintiffs are not able to register or are subject to eviction from these hotels because of their mental health problems. A reading of the ordinance indicates clearly that it is exclusionary in nature, and, therefore, a restriction on a citizen's right to travel.

In Cole v. Housing Authority of City of Newport, 1 Cir., 435 F.2d 807, at page 808 the Court held in part:

"Plaintiffs assert that the two year durational requirement violates their rights under the Equal Protection clause of the Fourteenth Amendment * * *, which impinges upon their constitutional right to travel without serving any legitimate or compelling interest of the Authority. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 * * *."

The Court further held at page 809:

"The Supreme Court has clearly indicated that the right to travel is a fundamental personal right that can be impinged only if to do so is necessary to promote a compelling governmental interest. Shapiro, supra at 634."

The Court in Cole, supra, struck down a residency requirement as in the Shapiro case. It held that the requirement impinged on the right to travel and was not justified by a compelling state interest. It is immaterial whether travel is interstate or intrastate. See· King v. New Rochelle Municipal Housing Authority, 442 F.2d 646 (2d Cir. 1971) adopting the reasoning in Cole, supra. In the case at bar the municipality has failed to show any compelling governmental interest to abridge the plaintiffs' right to travel. See also Memorial Hospital, et al. v. Maricopa County, et al., decided by the United States Supreme Court, February 26, 1974, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306, 42 L.W. 4277.

In Village of Belle Terre, et al. v. Boraas, decided April 1, 1974, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 the Supreme Court upheld a village ordinance, restricting the use of the land to one-family dwellings which define the word family to mean one or more persons related by blood, adoption, or marriage, or not more than two unrelated persons, living and cooking together as a single housekeeping unit. The Court upheld the ordinance and held since it was not aimed at transients and involves no procedural disparity inflicted on some· but not on others or deprivation of any "fundamental" right—meets that constitutional standard and must be upheld as valid land-use legislation addressed to family needs. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27. In the case at bar, the ordinance is to prevent the ingress of outsiders into Long Beach. Cole v. Housing Authority of City of Newport, supra.

■ The ordinance is further objectionable in that it invades one's absolute right of privacy. Section 5–710 requires the hotel staff to maintain specified records of residents who intend to remain registered in excess of fifteen days. It is now well settled that a citizen's right to privacy is fundamental. Griswold v. Connecticut, 381 U.S. 479,

85 S.Ct. 1678, 14 L.Ed.2d 510; Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349; Roe v. Ingraham, 480 F.2d 102 (2d Cir. 1973).

Finally, the ordinance is vague. Subsection (b) of 5–705 fails to establish any clear registration procedure, fails to define the term continuous, fails to define which residents are referred to, and fails to define when a resident may become dangerous. The sub-section also fails to define when a resident's action becomes "so disturbing" that may affect other residents.

The Court concludes that the sections attacked are unconstitutional, and the defendant is enjoined from enforcing said sections of the ordinance.

Settle order on five (5) days' notice.