HERTZOG, CALAMARI &
GLEASON, Plaintiff,

v.

The PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Defendant.

No. 93 Civ. 6395 (CSH).

United States District Court,
S.D. New York.

April 8, 1994.

William Simon, Hertzog, Calamari & Gleason, New York City, for plaintiff.

H. Richard Penn, Bachner, Tally, Polevoy & Misher, New York City, for defendant.

MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendant's motion to compel discovery is denied.

█ Under the law of this circuit a partnership, like a corporation, cannot appear *pro se*. It must appear through an attorney admitted to practice. *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991).

█ A corporation may appear through retained outside counsel or by in-house counsel on the corporate payroll. It is well settled that the attorney-client privilege applies to communications between the corporation and its attorneys, whether corporate staff counsel or outside counsel. *Rossi v. Blue Cross and Blue Shield of Greater New York*, 73 N.Y.2d 588, 592, 542 N.Y.S.2d 508, 540 N.E.2d 703 (Ct.App.1989). The privilege attaches to communications with in-house counsel if the individual in question is acting as an attorney, rather than as a participant in the underlying events. *Bruce v. Christian*, 113 F.R.D. 554, 560 (S.D.N.Y.1986).

█ No principled reason appears for denying a comparable attorney-client privilege to a law partnership which elects to use a partner or associate as counsel of record in a litigated matter. That partner or associate is the functional equivalent of a corporate staff attorney representing a corporate employer. So long as the individual in question is acting only as an attorney, the privilege attaches.

Because that is the circumstance in the case at bar, the plaintiff firm is entitled to

invoke the privilege, and defendant's motion to compel is denied.

It is SO ORDERED.